nary matter that the appeal should be dismissed as time-barred. Defendants had until May 11, 2012 in which to take an appeal, i.e., 35 days after being served by mail on April 6, 2012 with a copy of the order with notice of entry (*see* CPLR 2103 [b] [2]; 5513 [a]). An appeal is taken by serving the notice of appeal on the opposing party and filing the notice of appeal (*see* CPLR 5515 [1]). A complete failure to comply with CPLR 5515 deprives this Court of jurisdiction to entertain the appeal (*see Dalton v City of Saratoga Springs*, 12 AD3d 899, 899 [2004]). Where, however, the "appellant either serves or files a timely notice of appeal . . . , but neglects through mistake or excusable neglect to do another required act within the time limited, the court . . . may grant an extension of time for curing the omission" (CPLR 5520 [a]). Here, the record establishes that the notice of appeal was not filed until June 1, 2012, and was therefore untimely, but the record does not indicate when the notice of appeal was served on plaintiffs. The record is therefore inadequate to enable us to review plaintiffs' contention. In light of our determination in appeal No. 1 that extraordinary circumstances did not exist here, we conclude that the court erred in granting the cross motion to compel discovery and that the stay of the pending arbitration should be vacated. Defendants' motion for a protective order is moot. Present—Scudder, P.J., Centra, Valentino, Whalen and Martoche, JJ.

■ AXA EQUITABLE LIFE INSURANCE COMPANY et al., Respondents, v RICHARD KALINA et al., Appellants. (Appeal No. 2.) [955 NYS2d 784]

Same memorandum as in *AXA Equit. Life Ins. Co. v Kalina* (101 AD3d 1655 [2012]). Present—Scudder, P.J., Centra, Valentino, Whalen and Martoche, JJ.

■ AXA EQUITABLE LIFE INSURANCE COMPANY et al., Respondents, v RICHARD KALINA et al., Appellants. (Appeal No. 3.) [955 NYS2d 784]

Same memorandum as in *AXA Equit. Life Ins. Co. v Kalina* (101 AD3d 1655 [2012]). Present—Scudder, P.J., Centra, Valentino, Whalen and Martoche, JJ.

■ Maurice M. Pugh et al., Appellants-Respondents, v David J. Tantillo et al., Respondents-Appellants. [956 NYS2d 748]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Maurice M. Pugh (plaintiff) when the vehicle he was driving was rear-ended by a vehicle driven by defendant David J. Tantillo and owned by defendant Ciro P. Tantillo. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and plaintiffs cross-moved for partial summary judgment on the issues of liability and serious injury. Plaintiffs appeal and defendants cross-appeal from an order that denied defendants' motion and granted only that part of plaintiffs' cross motion seeking summary judgment on the issue of negligence. We affirm. We note at the outset that defendants do not contend that Supreme Court erred in granting that part of plaintiffs' cross motion on the issue of negligence, and we further note that the parties have abandoned any contentions with respect to the 90/180-day category of serious injury set forth in plaintiffs' bill of particulars (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]).

We conclude that the court properly denied defendants' motion for summary judgment with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. "[D]efendants' own submissions raise triable issues of fact whether plaintiff sustained a qualifying injury under" those two categories (*Feggins v Fagard*, 52